SUMMARY ORDER

Petitioners Jinrong Qu and Fengying Yang, natives and citizens of the People’s Republic of China, seek review of the October 31, 2007 order of the BIA denying their motion to reopen.[2] In re Jinrong Qu & Fengying Yang, Nos. A72 566 391/A73 654 827 (B.I.A. Oct. 31, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). “An abuse of • discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zken Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
We find that the BIA did not abuse its discretion in denying Qu’s motion to reopen as untimely. As the BIA noted, its prior decision was issued in April 2004, but Qu did not file his motion until March 2007, well beyond the ninety-day deadline.. See, e.g., 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly .found that Qu’s motion did not warrant equitable tolling of the time limitation based on ineffective assistance of counsel. See Iavorski v. INS, 232 F.3d 124, 134-35 (2d Cir.2000).
As the BIA observed, Qu made no effort to comply with the procedural requirements of Matter of Lozada with respect to his second attorney or the non-attorney who allegedly prepared his second asylum application and his amended statement. Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A.1988). Accordingly, Qu forfeited any claims that he may have had against those individuals. See Jian Yun Zheng v. U.S. Dep’t of Justice, 409 F.3d 43, 47 (2d Cir.2005).
Furthermore, the BIA did not abuse its discretion in concluding that Qu had not demonstrated that he exercised due diligence in pursing his claim based on the alleged ineffective assistance of his first attorney, Joseph F. Muto, and therefore the time to file his motion to reopen was not equitably tolled. See Jian Hua Wang v. BIA, 508 F.3d 710, 715-16 (2d Cir.2007) (finding no abuse of discretion in the BIA’s conclusion that petitioner failed to exercise due diligence in pursuing his ineffective assistance of counsel claim against Muto). We find no error in the BIA’s conclusion that it was reasonable to expect that Qu knew of Muto’s alleged ineffective assistance before his June 2002 merits hearing, where his motion and attached affidavit contained admissions that he was aware of the discrepancies in his second asylum application. See id. at 715 (noting that the first step in the equitable tolling analysis is an evaluation of when the alleged ineffective assistance was,.or should have been, *361 discovered by a reasonable person in the situation). Qu’s argument that he should be excused from having to demonstrate due diligence (e.g., because he was unaware that there were procedures that would allow him to raise a claim of ineffective assistance of counsel against Muto) is unavailing because we have held that due diligence is mandatory to warrant equitable tolling of the deadline applied to motions to reopen. Id. at 714-15. As such, the BIA did not abuse its discretion in finding that Qu failed to exercise due diligence in the years since he discovered Muto’s alleged ineffective assistance.[3] See id. at 716.
Finally, because we lack jurisdiction to do so, we decline to consider Qu’s argument that the BIA' erred in failing to exercise its sua sponte authority to reopen his removal proceedings. See Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.

. Because Qu was the primary movant before the BIA, we refer largely to him alone throughout this order.

. We find it unnecessary to examine Qu's argument that the BIA abused its discretion in failing to reopen his removal proceedings so that his wife could pursue adjustment of status, because we have already affirmed the BIA's decision on timeliness grounds.